IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| CARLA LARSEN, | ) |
| | ) No. CV 07-1481-HU |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) OPINION AND ORDER |
| MICHAEL J. ASTRUE, | ) |
| Commissioner, Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |

David Lowry
9900 S.W. Greenburg Road, Suite 235
Portland, Oregon 97223
    Attorney for plaintiff

Karin J. Immergut
United States Attorney
District of Oregon
Britannia Hobbs
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97204
Nancy Mishalanie
Special Assistant United States Attorney
Office of the General Counsel
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 901
Seattle, Washington 98104
    Attorneys for defendant

///

OPINION AND ORDER Page 1

HUBEL, Magistrate Judge:

The matter before the court is defendant's motion to dismiss this case for lack of subject matter jurisdiction. The motion is granted.

**Procedural Background**

Plaintiff Carla Larsen seeks judicial review of the denial of her claim for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-433. The Commissioner asserts that the court has no subject matter jurisdiction because Larsen has failed to exhaust her administrative remedies.

Larsen applied for disability insurance benefits on September 20, 2006. Declaration of Errol B. Sperling. The application was denied initially on October 7, 2006, and upon reconsideration on December 12, 2006. Id. On February 28, 2007, Larsen filed a request for hearing. Id.  On April 26, 2007, the ALJ dismissed Larsen's request for hearing for failure to request the hearing within 60 days and failure to establish good cause for an untimely request. Id.; Exhibit 1. Larsen requested review of the dismissal through counsel on May 17, 2007. Id. at Exhibit 2. On August 28, 2007, the Appeals Council denied the Request for Review, ruling that the additional evidence provided by Larsen did not provide a basis for reversing the ALJ's decision. Id. at Exhibit 3.

**Discussion**

The United States is immune from suit unless it consents to waive its sovereign immunity. Lehman v. Nakshian, 453 U.S. 156, 160 (1981). As courts of limited jurisdiction, federal courts may not

OPINION AND ORDER Page 2

entertain an action against the federal government without its consent. <u>United States v. Mitchell</u>, 445 U.S. 535, 538 (1980). Only Congress can abrogate sovereign immunity and subject the federal government to suit. <u>Tucson Airport Authority v. General Dynamics</u>, 136 F.3d 641, 644 (9th Cir. 1998).

The doctrine of sovereign immunity applies to federal agencies and to federal employees acting within their official capacities. <u>South Delta Water Agency v. Dept of the Interior</u>, 767 F.2d 531, 536 (9th Cir. 1985). Any waiver of immunity must be "unequivocally expressed," and any limitations and conditions upon the waiver "must be strictly observed and exceptions thereto are not to be implied." <u>Lehman</u>, 453 U.S. at 160-161; see also <u>Tucson Airport Authority</u>, 136 F.3d at 644.

The statute granting jurisdiction to district courts to review decisions of the Commissioner is 42 U.S.C. § 405(g), which provides as follows:

> Any individual, after any final decision of the Commissioner of Social Security <u>made after a hearing</u> to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

(Emphasis added). See also <u>Califano v. Sanders</u>, 430 U.S. 99, 108 (1977)[Section 405(g) "limits judicial review to a particular type of agency action, a final decision of the [Commissioner] <u>made after a hearing</u>;" decision by the Commissioner not to reopen a benefits claim "may be made without a hearing," and such a decision, though binding on the parties, does not constitute a reviewable decision

OPINION AND ORDER Page 3

under 405(g)]. (Emphasis added).[1]

In <u>Matlock v. Sullivan</u>, 908 F.2d 492 (9th Cir. 1990), the court held that, "like the majority of other circuits which have considered the issue,"[2] under the Supreme Court's decision in <u>Sanders</u>, Appeals Council decisions to refrain from considering untimely petitions for review are not final decisions subject to review in federal court. 908 F.2d at 493. In <u>Hoye v. Sullivan</u>, 985 F.2d 990 (9th Cir. 1992), the court held that in the absence of a hearing, the court had no subject matter jurisdiction over a claim that the ALJ arbitrarily and capriciously dismissed his request for a hearing. 985 F.2d at 992.

Defendant's motion to dismiss the action for lack of subject matter jurisdiction (doc. # 8) is GRANTED.

---

[1] Section 405(h) of Title 42 states:

> No findings of fact or decision of the [Commissioner] shall be reviewed by any person, tribunal or government agency except as herein provided.

[2] Several federal appellate courts have held that absent a colorable constitutional claim, dismissals of hearing requests or requests for Appeals Council review as untimely are unreviewable under § 405(g). See, e.g., <u>Hilmes v. Secretary</u>, 983 F.2d 67, 70(6th Cir. 1993)(untimely hearing request); <u>Penner v. Schweiker</u>, 701 F.2d 256, 260 (3d Cir. 1983)(untimely hearing request); <u>Bacon v. Sullivan</u>, 969 F.2d 1517 (3d Cir. 1992)(untimely appeal to Appeals Council); <u>Harper v. Bowen</u>, 813 F.2d 737 (5th Cir. 1987)(denial of extension of time to seek Appeals Council review of ALJ decision); <u>Brandyburg v. Sullivan</u>, 959 F.2d 555 (5th Cir. 1992)(dismissal of hearing request based on claimant's failure to attend scheduled hearing); <u>Watters v. Harris</u>, 656 F.2d 234, 239 n. 10 (7th Cir. 1980)(Secretary's denial of petition seeking more time in which to file initial request for hearing).

OPINION AND ORDER Page 4

1    IT IS SO ORDERED.

2    Dated this 2nd day of April, 2008.

4                                          /s/ Dennis James Hubel
                                               Dennis James Hubel
5                                          United States Magistrate Judge

28  OPINION AND ORDER Page 5